FILED

2007 Jun-14  PM 05:15
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **GAYNELL CHARLTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **EDMUND M. "TED" SEXTON, SR.,** ) | |
| **individually and in his capacity as Sheriff** ) | |
| **of Tuscaloosa County, Alabama;** ) | Civil Action Number |
| **TUSCALOOSA COUNTY, ALABAMA,** ) | **7:07-cv-0181-UWC** |
| **a political subdivision of the State of** ) | |
| **Alabama; THE TUSCALOOSA COUNTY** ) | |
| **SHERIFF'S OFFICE; THE TUSCALOOSA** ) | |
| **COUNTY COMMISSION; and JEFF JUDD,** ) | |
| **individually and in his capacity as a Deputy** ) | |
| **Sheriff for Tuscaloosa County, Alabama,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON DEFENDANTS'
MOTION TO DISMISS**

In this case, removed to this Court from the Circuit Court of Tuscaloosa

County, Alabama, the Plaintiff Gaynell Charlton alleges that she was subjected to

excessive force during the process of an arrest by Defendant Tuscaloosa County

Deputy Sheriff Jeff Judd.  She claims a violation of the federal civil rights law, 42

U.S.C. § 1983,[1] ("Section 1983")  as well as negligence and wantonness under Alabama law.

All of the Defendants have moved to dismiss the complaint for failure to state a claim against them. (Doc. 2.)  For the reasons which follow, with a solitary exception, the motion will be granted.

## I. Claims Against Tuscaloosa County and the Tuscaloosa County Commission

It is settled law that neither Tuscaloosa County nor the Tuscaloosa County Commission, as the governing body of Tuscaloosa County,  can be held liable for any unconstitutional actions taken by a sheriff or his deputy in exercising their law enforcement duties.  *See McMillian v. Monroe County, Ala.*, 520 U.S. 781, 789 (1997) (stating that "Alabama counties are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious.") (emphasis in original).

Consequently, Defendants' motion to dismiss the Plaintiff's claims against Tuscaloosa County and the Tuscaloosa County Commission is due to be granted.

## II. Claims Against the Tuscaloosa County Sheriff's Office

The Plaintiff properly concedes that her claims against the Tuscaloosa County

---

[1]This section imposes liability upon anyone who, under the color of law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983 (1996).

Sheriff's Office are due to be dismissed, since clearly it is not a legal entity subject to suit.  *See White v. Birchfield,* 582 So.2d 1085, 1087 (Ala. 1991).

### III. Claims Against Sheriff Sexton

Under Alabama law, by virtue of their position as executive officers of the State of Alabama, sheriffs are absolutely immune from suits for damages based upon their official acts.  *See* ALA. CONST. of 1901, art. V, § 112, art. I, § 14; *see also, Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997).  Further, a sheriff is immune to a lawsuit brought against him in his individual capacity for the performance of his statutory duties, because the suit is treated as a suit against the state. *Lancaster,* 116 F.3d at 1430-31 (citing *Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1994)).

A sheriff is liable under Section 1983 for his individual acts or policies established by him which violate the federal civil rights laws or when he fails to take reasonable steps to protect the victim of another officer's use of excessive force. *Rivas v. Freeman,* 940 F.2d 1491, 1495 (11th Cir. 1991); *Fundiller v. City of Cooper City,* 777 F.2d 1436, 1442 (11th Cir. 1985); *Riley v. Newton,* 94 F.3d 632, 635 (11th Cir. 1996).  However, a sheriff is not liable, under the doctrine of *respondeat superior,* for the civil rights violations of his deputies unless he personally

participated in the alleged constitutional violation, or there is a causal connection between the acts of the sheriff and the alleged violation. *Gray ex rel. Alexander v. Bostic,* 458 F.3d 1295, 1308 (11th Cir. 2006).

The Plaintiff does not allege that Sheriff Sexton participated in or ratified Deputy Sheriff Judd's use of excessive force.  One cannot reasonably glean from the complaint a causal connection between the acts or omissions of the sheriff and the alleged excessive force used by his deputy.

It follows that the claims against Sheriff Sexton, in his official and individual capacities, are due to be dismissed.

<h2 style="text-align:center">IV. Claims Against Deputy Sheriff Judd</h2>

In his official and individual capacities, like Sheriff Sexton, Deputy Sheriff Judd is entitled to immunity on the state law claims. The doctrine of sovereign immunity bars a suit against a sheriff or his deputy for negligence in the performance of his duties under Alabama law, because such actions are viewed as suits against the state.  *See Lancaster,* 116 F.3d at 1431(citing *Alexander,* 652 So.2d at 1144; *Parker v. Amerson,* 519 So.2d 442, 442-43 (Ala. 1987)).

In his official capacity, Defendant Judd is also entitled to immunity on the Plaintiff's claims under Section 1983.  Our circuit has held that under Alabama law,

deputy sheriffs are state officials entitled to Eleventh Amendment immunity when sued in their official capacities. *Carr v. City of Florence,* 916 F.2d 1521, 1526 (11th Cir. 1990).

However, in his individual capacity, Defendant Judd does not escape liability - at least at this stage of the litigation. Government officials sued in their individual capacities may be shielded by qualified immunity if the conduct of those officials does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Davis v. Williams*, 451 F.3d 759, 762 (11th Cir. 2006); *Lassiter v. Alabama A&M Univ., Bd. of Tr.,* 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Qualified immunity involves a two-part analysis. First, it must be determined whether the facts alleged show that the officer's conduct violated a constitutional right." *Davis*, 451 F.3d at 762 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, the Court must determine whether the right was "clearly established." *Saucier*, 533 U.S. at 201.

Certainly, the right to be free from excessive force at the hands of law enforcement officials is a clearly established constitutional right. *See McKinney by McKinney v. DeKalb County, Ga.*, 997 F.2d 1440, 1443 (11th Cir. 1993); *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir. 1993).

Therefore, in his individual capacity, Defendant Judd is not entitled to qualified immunity.

## Conclusion

By separate order, the Defendants' Motion to Dismiss will be granted in part and denied in part, consistent with this opinion.

Done the 14th day of June, 2007.

_____
U.W. Clemon
United States District Judge